## Cox Estate

*High, Swartz, Childs & Roberts* and *Morgan, Lewis Bockius*, for accountants.

TAXIS, P. J., June 1, 1956.—The first account of Fidelity-Philadelphia Trust Company and Morrison

C. Huston, executors, was examined and audited by the court on May 7, 1956. . . .

On February 15, 1956, the executors received 80 shares of common stock of Continental Can Co., Inc., constituting payment of a 100 percent stock dividend on the 80 shares of said stock owned by decedent. The executors received a letter from Continental Can Co., Inc., concerning entries on the company's books incident to this stock distribution. The letter stated:

"The following entries have been made to reflect this stock dividend on the Company's books: Earnings Retained in the Business has been charged with $36,342,286; Capital Surplus has been charged with $41,152,214, and the total of $77,494,500 representing the par value of the shares ($20 each) issued for the purpose has been credited to the Common Capital Stock account."

Paragraphs (e) of section nine of the will contains the following provision with respect to distribution of dividends:

"(e) All dividends, including so-called regular, irregular, special, extra and extraordinary dividends, which shall be received by my Executors and Trustees, and whether payable in cash, stock, scrip, rights to subscribe to stock of the issuing or another corporation, or otherwise, except dividends received in whole or in partial liquidation of the capital assets of the paying corporation, shall be deemed by them to be income, and distributed among the income beneficiaries hereunder accordingly. . . ."

The question was submitted at the audit whether any portion or all of this stock dividend of 80 shares, having a value of approximately $3,000, is apportionable to income.

The executors have taken the position, in stating their account, that such portion of the stock dividend as represented a distribution of capital surplus should

not be regarded as a dividend within the meaning of this provision of the will and, accordingly, have allocated 37½ shares to income, being the portion of the stock dividend charged against the earned surplus according to the information filed by the corporation, and 42½ shares have been allocated to principal, being the portion of the stock dividend charged against capital surplus by the corporation.

The testator has gone to considerable lengths to proclaim his intention that all dividends except liquidating dividends shall be distributed to the income beneficiaries, and it is abundantly clear that the exception which he made should relate only to dividends that might be declared and received as the result of a planned terminal liquidation of a corporation. One of his obvious purposes was to make unnecessary any inquiry to the corporation as to the source of payment of dividends or any involved calculations for the purpose of apportionment. I am, therefore, of the opinion that the accountants have erred in allocating 42½ shares to principal, and they are hereby directed to transfer the same to income and are allowed an additional credit in principal in so doing. In Allison Estate, no. 455 of 1954, Judge Saylor of the Orphans' Court of Philadelphia County, similarly decided such a question on a somewhat analogous testamentary provision.

By the ninth item of the will, testator bequeathed one third of the residue of his estate, but not exceeding $30,000, to his sister-in-law, Mary Matilda Jackson.

It is likely that one third of the residuary estate will exceed $30,000, so that the said Mary Matilda Jackson's share will be in the latter amount, and the second question submitted for decision is whether any share of dividend income received by the executors (including any portion of the above stock divi-

dend which has been determined to be wholly income) is distributable to Mary Matilda Jackson as legatee entitled to a share of the residuary estate.

The Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320, 753 in sec. 753(d), provides that:

"All income from real and personal estate earned during the period of administration and not payable to others shall be distributed pro rata among the income beneficiaries of any trust created out of the residuary estate and the other persons entitled to the residuary estate."

Mary Matilda Jackson is, therefore, entitled to the proportion of the balance of income (which balance will include the stock dividend of 80 shares Continental Can Company treated above) which $30,000 bears to the total of the principal of the residuary estate. Such an amount of income, together with $30,000 of principal, is awarded to Mary Matilda Jackson, and the remaining balances of principal and income are awarded to the trustees under decedent's trust agreement dated June 17, 1949. . . .

And now, June 1, 1956, this adjudication is confirmed nisi.